**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**COLUMBUS DIVISION**

| | |
|---|---|
| **ORLIN MARTINEZ RUIZ** ) | **CASE NO.** |
| c/o Hux Law Firm, LLC ) | |
| 3 Severance Circle #18147 ) | **JUDGE:** |
| Cleveland Heights, OH 44118 ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **COMPLAINT FOR DAMAGES AND** |
| ) | **INJUNCTIVE RELIEF** |
| **SURGE STAFFING, LLC** ) | |
| c/o Incorp Services, Inc. ) | **JURY DEMAND ENDORSED HEREIN** |
| 9435 Waterstone Boulevard Suite 140 ) | |
| Cincinnati, OH 45249 ) | |
| ) | |
| **Defendant.** | |

Plaintiff, Orlin Martinez Ruiz, by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

## PARTIES

1. Plaintiff Martinez Ruiz is a resident of the City of Columbus in Franklin County, Ohio.

2. Defendant Surge Staffing, LLC ("Surge") domestic limited liability corporation conducting business at 3571 West Broad St., Columbus, OH 43204.

## JURISDICTION AND VENUE

3. Personal jurisdiction is proper over Defendants pursuant to 28 U.S.C § 1331 in that Martinez Ruiz is alleging a federal law claim arising under the Title VII of the Civil Rights Act of 1964 ("Title VII").

4. Venue is properly placed in the United States District Court for the Southern District of Ohio, Columbus Division, because it is the district court for the district, division, and

county within which the Defendant operates and conducts business.

5.      Prior to instituting this action, Martinez Ruiz filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2023-00829, alleging that Defendant and its agents had harassed and subjected him to disparate treatment because of his color and retaliated against him because of his opposition to race and color discrimination.

6.      Martinez Ruiz was mailed his Right to Sue Notice from the EEOC on or about February 27, 2023.

7.      A true and accurate copy of Martinez Ruiz's Right to Sue Notice is attached as Exhibit 1.

8.      Martinez Ruiz has properly exhausted his administrative remedies pursuant to 29 U.S.C. § 626(e).

9.   This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

10.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over all other claims in this Complaint because they arise out of the same case or controversy.

## FACTS

11.  Martinez Ruiz is a former employee of Surge.

12.  On or about February 14, 2022, Surge hired Martinez Ruiz as a staffing specialist.

13.  Initially, Martinez Ruiz was hired by Xiomara Rivera.

14.  Rivera would serve as Martinez Ruiz's supervisor until March 2022.

15.  Upon information or belief, Rivera left the supervisor position for a new role at Surge's headquarters.

16. In or around March 2022, Ana Robereba assumed the role of Martinez Ruiz's supervisor.

17. Soon after Robereba became a supervisor, she regularly made racially offensive comments about African American applicants.

18. Robereba would call African Americans "monkeys".

19. "Monkey" is a racist term used to dehumanize and justify hundreds of years of inhumane treatment of African Americans.

20. Robereba would also treat African Americans differently than other applicants for positions as Surge.

21. Robereba assumed that African Americans were "sus" (meaning suspicious), that they were not good employees, and that they all had criminal backgrounds.

22. On or about March 25, 2022, Robereba told Martinez Ruiz that she was not sure why Rivera hired him because he was "terrible at the job" and was not understanding the job "like a normal person".

23. Additionally, Robereba told Martinez Ruiz that he was not allowed to hire anyone that was his skin complexion.

24. Martinez Ruiz has a darker skin complexion.

25. The same day, Roberaba stated that she would not offer positions to African Americans if they had misdemeanors and that she would only give positions to White or Hispanic people.

26. On or about March 29, 2022, Robereba told Martinez Ruiz that because he was still on that 90-day probation she could fired him.

27. On or about March 30, 2022, Robereba requested that Martinez Ruiz, "stop giving jobs to monkeys".

3

28. By "monkeys" she was referring to two African Americans that Martinez Ruiz was assisting with obtaining employment.

29. On or about April 7, 2022, Martinez Ruiz reported the racists comments and disparate treatment of African Americans to Jasmine Flemings, a Surge HR representative ("Report").

30. Flemings also suggested that Martinez Ruiz speak with Paige Plisko, a regional manager for Surge.

31. Martinez Ruiz requested, and Plisko accepted, an appointment to meet with Martinez Ruiz at 4:00pm.

32. At the start of the meeting, Plisko told Martinez Ruiz that she had already made up her mind and was firing him.

33. Plisko alleged that the jo was "too complicated" for Martinez Ruiz and that he was "not a good fit".

34. It's important to note that Robereba and Plisko have a close working relationship.

35. Robereba would often tell Plisko everything that was going on in the office.

36. Plisko terminated Martinez Ruiz because of the Report.

37. Surge treated Martinez Ruiz differently than other Surge employees because of his color.

**COUNT I:**

**<u>RETALIATION IN VIOLATION OF TITLE VII</u>**

38. Martinez Ruiz restates each and every prior paragraph of this complaint, as if it were fully restated herein.

39. As a result of the Defendant's discriminatory conduct described above, Martinez Ruiz complained about race and color discrimination in the Report.

40. Specifically, Martinez Ruiz complained by email.

4

41. In response to Martinez Ruiz's complaint of discrimination, Defendant retaliated against him by terminating him.

42. Defendant's actions were retaliatory in nature based on Martinez Ruiz's opposition to the unlawful discriminatory conduct.

43. Thus, Defendant's actions violated 42 U.S.C § 2000e-3(a)

44. As a direct and proximate cause of Defendant's retaliatory discrimination against and termination of Martinez Ruiz, he suffered and will continue to suffer damages.

## COUNT II:

### RETALIATION IN VIOLATION OF R.C. §4112.02(I)

45. Martinez Ruiz restates each and every prior paragraph of this complaint, as if it were fully restated herein.

46. As a result of the Defendant's discriminatory conduct described above, Martinez Ruiz race and color discrimination in the Report.

47. Specifically, Martinez Ruiz complained by email.

48. In response to Martinez Ruiz's complaint of discrimination, Defendant retaliated against him by terminating him.

49. Defendant's actions were retaliatory in nature based on Martinez Ruiz's opposition to the unlawful discriminatory conduct.

50. Defendant's actions violated R.C. §4112.02(I), which prohibits employers from retaliating against employees who oppose unlawful discriminatory conduct.

51. As a direct and proximate cause of Defendant's retaliatory discrimination against and termination of Martinez Ruiz, he suffered and will continue to suffer damages.

## COUNT III:

### COLOR DISCRIMINATION IN VIOLATION OF TITLE VII

5

52.    Martinez Ruiz restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

53.    Martinez Ruiz was an "employee" as defined by Title VII.

54.    Defendant was an "employer" as defined by Title VII.

55.    Throughout his employment, Martinez Ruiz was fully competent to perform his essential job duties.

56.    Defendant treated Martinez Ruiz differently from similarly-situated employees based on his color.

57.    Specifically, Defendant discriminated against Martinez Ruiz on the basis of his color when it repeatedly told him that he should never have been hired and that he should not hire anyone that was his skin complexion.

58.    Defendant violated Title VII when it discriminated against Martinez Ruiz on the basis of his color.

59.    Defendant is liable for the acts and omissions of its agents and employees.

60.    The color-related employment practices and other acts or omissions of Defendant and its agents, supervisors, and employees reflect Defendant's reckless, willful, and wanton indifference or hostility to Martinez Ruiz's protected employment rights and status, directly and proximately resulting in such damages as may be proven at trial, including but not limited to lost income and benefits; lost employment opportunities; psychological, emotional, and mental anguish; distress, humiliation, embarrassment, and degradation; pain and suffering; and Martinez Ruiz's attorney's fees in bringing this action.


## COUNT IV:

## COLOR DISCRIMINATION IN VIOLATION OF R.C.  § 4112.02(A)

61. Martinez Ruiz restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

62. Defendant was an employer as defined by R.C. § 4112.01(A)(2).

63. Martinez Ruiz was an employee as defined by R.C. §4112.01(A)(3).

64. Throughout his employment, Martinez Ruiz was fully competent to perform his essential job duties.

65. Defendant treated Martinez Ruiz differently from similarly situated employees based on his color.

66. Specifically, Defendant discriminated against Martinez Ruiz on the basis of his color when it repeatedly told him that he should never have been hired and that he should not hire anyone that was his skin complexion.

67. Defendant violated R.C. §4112.02 when it discriminated against Martinez Ruiz on the basis of his color.

68. As a direct and proximate cause of Defendant's wrongful conduct, Martinez Ruiz has suffered and will continue to suffer damages.


## DEMAND FOR RELIEF

WHEREFORE, Martinez Ruiz demands from Defendant the following:

(a) Issue a permanent injunction:

   (i) Requiring Defendant to abolish discrimination, harassment, and retaliation;

   (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

   (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility

to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

(iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Defendant to restore Martinez Ruiz to one of the positions to which she/he was entitled by virtue of his/her application and qualifications, and expunge his personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Martinez Ruiz for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorney's fees and non-taxable costs for Martinez Ruiz claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

James J. Hux (0092992)
**HUX LAW FIRM, LLC**
3 Severance Circle #18147
Cleveland Heights, Ohio 44118

8

Phone: (937) 315-1106
Fax:    (216) 359-7760
Email: jhux@huxlawfirm.com

*Attorney For Plaintiff*

## JURY DEMAND

Plaintiff Orlin Martinez Ruiz demands a trial by jury by the maximum number of jurors permitted.

_____
James J. Hux (0092992)